## G. M. ADAMS, ETC., *v.* ROBERT HOWARD.

**Dower—Execution Sale of.**
> The facts held to show that the legal title to the dower interest of the wife was held to pass by the death of the wife and her husband, under 1 R. Stat., p. 281, ch. 24, § 15, and a subsequent purchaser at execution sale against her took nothing.

**Dower—Sale of—Creditors.**
> The sale of the wife's dower interest in land was held not to enure to the benefit of all the creditors of the wife.

APPEAL FROM BELL CIRCUIT COURT.

December 10, 1872.

OPINION BY JUDGE PETERS:

From the evidence it is shown that in part satisfaction of a debt contracted by Mrs. Brittain while she was a widow with G. M.

Adams, her husband, C. B. Brittain, and herself, on the 22d of September, 1868, conveyed to Adams her dower interest in the real estate of J. T. Renfro, her former husband, and from the certificate of the Clerk of the Court of the County in which the land is situated it appears that the deed was acknowledged, and recorded on the 23d of September, 1868, in the proper office.

On the 13th of October, 1868, an execution issued from the office of the Clerk of Josh Bell Circuit Court in favor of appellee against Brittian and wife, on a judgment for a debt of the wife contracted during her widowhood, and on the 9th of November, 1868, the execution was levied on the dower interest of Mrs. Brittain and in January, 1869, the same was sold when appellee became the purchaser at the price of $201.

After the sale appellee brought a suit in equity, charging the sale and conveyance to Adams as fraudulent and made to hinder and delay the creditors of Mrs. Brittain in the collection of their debts—and praying that the deed from herself and husband to Adams be cancelled, and for general relief. He also brought an action in ordinary for the possession of the land. The two actions were consolidated.

On final hearing the Court below adjudged that the deed from Brittain and wife to Adams was not recorded, nor properly lodged for record at the date of the execution sale of the dower interest of Mrs. Brittain, at which sale appellee purchased, and that the title thus acquired by him was superior to that of Adams, and that appellee recovered the land, but adjudged to appellant, Adams, $200, the price he paid Brittian and wife therefor, with interest from the 22d of September, 1868, till paid, and adjudged to him a lien on the land therefor. And of that judgment Adams, and Brittian and wife complain, and appellee also complains by cross appeal. After the endorsement of the Clerk the deed to Adams was acknowledged by the grantor, and lodged for record on the 23d of September, 1868, the day after its execution, and there is no sufficient evidence in the record to overturn the certificate of the Clerk; on the contrary, he is sustained by a preponderence of testimony—that being the case the legal title to the dower interest of Mrs. Brittain passed to Adams by the deed of the 22d of September, 1868, under Sec. 15, Ch. 24, 1 R. S., p. 281. And consequently Brittain and wife had no estate in the land subject to levy and sale, at the time

appellee's execution issued out against them, and he took nothing by his alleged purchase.

Whether or not the sale and conveyance to Adams inured to the benefit of all the creditors of Mrs. Brittain under the Act of 1856, 1 R. S., p. 553, will now be disposed of.

The petition was not drawn with the design to subject the property to the benefit of creditors generally, nor was it filed within six months after the deed to Adams was recorded. And the lapse of time is pleaded and relied upon in the answer as a bar to the relief provided for in the statute supra, which must prevail.

Wherefore the judgment must be reversed and the cause remanded with directions to the court below to dismiss the petitions of appellee.

On the cross appeal the judgment is *affirmed*.

*Farmer & James, for appellants.*

*Scott, for appellee.*